Tucker *v.* Howe, Appellant.

Argued April 22, 1952. Before DREW, C. J., STERN, STEARNE, JONES, BELL, CHIDSEY and MUSMANNO, JJ.

*Samuel A. Goldberg*, with him *Lindenmuth & Class, Oscar Brown* and *Wolf, Block, Schorr & Solis-Cohen*, for appellants.

*Martin F. Hatch*, for appellees.

OPINION PER CURIAM, May 26, 1952:

Plaintiffs, Robert C. R. Tucker and Eleanor L. Tucker, his wife, filed a bill in equity for an injunction

to restrain defendants, the Sclufer Construction Company and Clifford V. and Myrtle J. Howe, husband and wife, from constructing a house on land owned by the Howes in violation of certain deed restrictions. Answers to the bill were filed by the defendants, and, after a hearing, a decree nisi was entered granting the prayer of the bill. Defendants' exceptions to this ruling were dismissed by the court below and a final decree entered permanently enjoining the construction of a dwelling on the Howe's land. From this decree defendants have appealed.

The relevant and material facts in this controversy are not in dispute. The properties of plaintiffs and the individual defendants are part of a tract of land in Drexel Hill, Delaware County, once known as "Statzell's Tract". On March 30, 1912, the owners, George W. Statzell and his wife, recorded a plan of lots on which they subdivided the land into 120 lots. These properties were bounded on the north by Garrett Road and on the south by Marshall Road and intersected by three Avenues, Maple, Shadeland and Riverview, which ran at right angles to the roads and afforded a frontage to each of the lots. Twenty-six of these lots, including the lot now owned by plaintiffs and the lot owned by Evelyn Sclufer and the individual defendants, were conveyed by deed from the Statzells to Harry W. Koch on December 15, 1918. Lot 44, at 302 Shadeland Avenue, was sold to plaintiffs and they subsequently erected a home on it. Lot 42, at the corner of Shadeland Avenue and Marshall Road and adjoining plaintiffs' property, was sold on September 9, 1948, to Evelyn Sclufer who, during the year 1949 constructed a one-story bungalow on the west or rear part of the lot. The remainder of the lot, which extended along Shadeland Avenue 78 feet 9⅝ inches, and along Marshall Road 100 feet, Evelyn Sclufer conveyed to the individual

defendants on June 16, 1949. Shortly thereafter defendants began the construction of a house on that property. Plaintiffs then brought the present bill, averring that a restriction in the deed of 1918 prohibited the construction of more than one house on lot 42; and that, since Evelyn Sclufer's house already occupied the lot, the individual defendants should be forever enjoined from building a home on their portion of the lot. The lower court upheld the contentions of plaintiffs and entered the decree from which defendants now appeal, enjoining all construction work by defendants.

The restriction clause in the deed conveying the 26 lots provided, inter alia, as follows: "Under and subject nevertheless to certain express conditions and restrictions as follows; *'that not more than one dwelling house shall at any time be erected upon the land hereby conveyed for each sixty feet of frontage thereof on any of the said Avenues'*; that all buildings shall be set back at least forty feet from the street line of Riverview and Shadeland Avenues and the East side of Maple Avenue and at least thirty-five feet from West side of Shadeland Avenue that each separate dwelling shall be set back at least ten feet from the dividing line between this and the adjoining properties that all stables, garages or other out buildings shall be set back at least one hundred twenty feet from the said street line that no building (other than a stable garage or other appropriate out buildings) shall ever be erected on said premises or any part thereof to cost less than $4,000.00 on lots Nos. 34, 36-39-41-42-43-44-46-48 and 50 and 91 and not to cost less than $3,500.00 on Lots Nos. 95-97-99-103-105-107-109 and not to cost less than $2,500. on lots Nos. 104-108-110-112-114-116-118, 120." (Italics added).

Defendants contend that none of the restrictions contained in this provision prohibits the construction

of a second house on lot 42. With this argument, we cannot agree. In granting the injunction prayed for, the learned Chancellor, in his adjudication, very aptly said: ". . . we are of opinion that the grantor used the word 'avenues,' as appearing in the restriction, in a narrow and restricted sense, as referring to an abutting street specifically denominated an avenue. Manifestly, the general design and purpose of the grantor was the development and maintenance of a high-class residential community. His object unquestionably was to prevent overcrowding and to assure ample space for lawns and gardens. To adopt the construction contended for by defendants would defeat the grantor's clear purpose and object.

"It must be assumed that the grantor knew that Garrett Road and Marshall Road constituted the northern and southern boundaries of the tract; and that the three cross-streets were Maple, Shadeland and Riverview Avenues. In consequence, there is no justification at all for construing the word 'avenues' out of and away from its context. It might well be said, therefore, that the language of the restriction is clear and unambiguous and requires no construction. The law's antipathy for restrictive covenants of the character does not permit us to disregard the plain meaning of words.

"The rule of strict construction does not require us to hold that, in providing for the erection of but one dwelling house for each sixty feet of frontage of the land *on any of the said avenues,* the grantor meant anything else than streets specifically named avenues, e.g., Shadeland Avenue. If his intention had been otherwise, it is reasonable to suppose that instead of saying 'on any of the said avenues,' he would have said 'on any street,' or 'on any abutting street.'

"It is undoubtedly true that, in a sense, a lot has a street frontage upon any street upon which it abuts,

and in the case of a corner lot has a frontage upon both streets. The grantor evidently recognized this fact, for he took the precaution to provide, 'for each sixty feet of frontage thereof on any of the said *avenues.*'

"Nevertheless, it is clear that the grantor considered that the real 'front' of the corner lots, as of all the lots, was the side abutting upon the Avenues. For example, the restriction provides for specified set-backs for 'all buildings,' and for 'all stables, garages and other out buildings,' from the street lines of Riverview, Shadeland and Maple Avenues. And the deed containing the restriction excepts and reserves 'the right and privilege to erect, use and maintain *along and upon the rear end or portion of the said premises* appropriate poles, lines, or underground conduits for electric light telegraph, or telephone wires.' . . .

"We hold then, that the restriction, with specifical reference to Lot No. 42, forbids the erection of more than one dwelling house for each 60 feet of frontage of the lot on Shadeland Avenue, which means that only one dwelling house can be erected on the lot. The prohibition cannot be evaded by sub-dividing the lot. . . . In other words, the number of dwelling houses that can be built on the land conveyed is determined by dividing the frontage of the land on the *avenues* by 60. Defendants insist on reading the restriction as if it provided merely that dwelling houses should be so spaced as not to exceed one dwelling house for every sixty feet along Shadeland Avenue. But the language of the restriction admits of no ambiguity. 'The land hereby conveyed' means just what it says,—the land in its entirety,—to its full depth. The conveyance was of twenty-six lots, including Lot No. 42. Each lot was a unity. The meaning of the restriction is no different than as if the grantor had said 'upon the lots hereby conveyed.' Hence, it is of no avail for the defendants to argue, as

they do, that the restriction is not violated in this case because the land conveyed to the individual defendants contains 100 feet on Marshall Road and 78.80 feet on Shadeland Avenue, 'each of which dimensions is in excess of 60 feet, whichever be considered the frontage.' "

Since Evelyn Sclufer has already erected a dwelling house on lot 42, the individual defendants are precluded by the terms of the restriction clause from constructing another on their portion of the lot. Plaintiffs, as owners of property conveyed by the deed, had the right to seek enforcement of this restriction against defendants and the court below properly enjoined defendants from construction of the house.

Decree affirmed; costs to be paid by defendants.